WILLIAM THOMPSON v. LODWICK P. ALFORD.

The District Court of one county has jurisdiction to determine a question of boundary of lands in another, where neither party objects.

Where the Court determined a question of boundary and appointed a commissioner to run the line and make his report at the next Term of the Court, and the commissioner having refused to act as such, at a subsequent Term the case was continued by consent of parties, and at the second Term thereafter a motion was filed to hear evidence and establish a line run by a skilful and competent surveyor, it was held that the adverse party must be deemed to be in Court, and bound to take notice of such motion.

Error from Travis. Tried below before the Hon. Thomas J. Devine.

On July 26, 1852, L. P. Alford and Wm. Thompson, having a controversy in relation to the boundary of their respective tracts of land lying in Caldwell county, agreed to submit the controversy to W. S. Oldham and H. P. Brewster, and that their agreement to that effect should " be filed with the Clerk of the District Court of Travis county, under the law, title ARBITRATION, p. 89 of Hartley's Digest."

The arbitrators fixed the principle on which to run the line, and the decree of the Court was rendered in accordance with their award, for recovery of the disputed portion by Alford, and ordering C. R. Johns to make a survey according to the directions of the award, and report the same at next Term of said Court, to which time said cause was continued. This was the Spring Term, 1853. The cause was continued by consent at the Spring Term, 1854. At the Spring Term, 1855, the plaintiff, Alford, filed a motion to fix the boundary line by evidence according to the terms of the decree, alleging that Johns had refused to make the survey, but it had been made by John T. Story, a skilful and competent surveyor. Notice that plaintiff would call up said motion as soon as Judge Devine, or any other Judge competent to sit in the case, should arrive, was served upon Thompson on the 28th of May, during Term time, by the Sheriff of Caldwell county. Said motion was called on the 1st of June, and a jury was impanelled and the evidence introduced establishing the boundary,

upon which the jury rendered a verdict establishing the line as run by J. T. Story, and a judgment was rendered in accordance therewith, with order for a writ of possession to issue.

Defendant brought up the case by writ of error. There was no statement of facts.

*Shelby* and *Chandler*, for plaintiff in error. Notwithstanding the cause was continued at the Spring Term, 1855, and after the defendant had left the Court and county of Travis, the party goes on to take a judgment. The return of the Sheriff of service of the notice issued by J. A. & R. Green, amounts to no more than if it had been served and returned by a private individual.

They pick a time when Thompson knows the case has been continued, to go on with the case.

There was no sufficient time of service from the date of the alleged service of notice, to the day the Court took action on the notice.

*J. A. & R. Green*, for defendant in error. I. The first assignment of error relates to the power of the Court to exercise jurisdiction over land outside of its limits by consent of parties. On this point we refer to Morris v. Runnells, 12 Tex. R. 175.

II. The assignment that the cause had been continued at the Spring Term, 1855, is a mistake of fact.

III. The objection to the notice of the motion is answered by the fact, that no notice was required. The suit was still pending and both parties bound to take notice.

WHEELER, J. It does not appear by the record, as counsel suppose, that the cause had been continued at the Spring Term, 1855, before the action taken in the case. If it did so appear, it would be ground for reversing the judgment. There is an entry that the parties appeared and continued the case by consent at the Spring Term, 1854, but no subsequent entry of a continuance appears. The defendant having once appeared, must be deemed to have been in Court, and was bound to take notice of the subsequent proceedings in the cause. We are not aware of any law that required that he should have special notice of the presence of a Judge competent to sit in the case.

There is no error in the judgment, and it is affirmed.

Judgment affirmed.