Kelso v. Adams.

(No. 3017.)

JURISDICTION — PLEA OF PRIVILEGE.— Requisites of plea. Continuance; consent of, a waiver.

APPEAL from Uvalde county. Opinion by DELANEY, J.

STATEMENT.— This suit was brought in the district court of Uvalde county, by appellant against appellee, to recover the sum of $763. The petition was filed August 6, 1875, alleging a verbal contract between the parties by which appellant was to deliver to the appellee at Steel's ranch, in said county, on the 2d day of April, a number of cattle at $1, coin, per head; that the contract was made March 10, 1873; that appellant gathered the cattle to the number of seven hundred and sixty and had them ready at the time

and place of delivery, but that appellee refused to claim the cattle or pay for the gathering; and prayed for judgment for the sum of $760, coin, with legal interest from 2d day of April, 1873. January 8, 1875, the case was continued for service. Citation issued January 23, 1875. May 17, 1875, the cause was continued by consent. September 22, 1875, being the first day of the term of the court, the parties filed in the cause an agreement to submit the matter in controversy to arbitration at the same term of court; September 25, 1875, cause was continued by consent. On January 17, 1876, appellee filed, under oath, a plea to the jurisdiction to the effect "that before and at the time of the commencement of this suit he resided in the unorganized county of Zavala, which is attached to the county of Frio for judicial purposes, and not in the county of Uvalde." On the same day appellant moved the court to strike out the plea, upon the ground that appellee had waived his privilege and submitted to the jurisdiction by consenting to the continuances and by filing papers in the case.

The court impaneled a jury and instructed them to find in which of the two counties the appellee resided on the 6th of August, 1875, the day suit was filed. The jury returned that he resided in Zavala, and the court rendered its judgment dismissing the suit. From a bill of exceptions it appears that appellant offered to prove by the record that the appellee had filed in the cause the agreement to arbitrate, but the court excluded the evidence. The testimony shows that appellee, at the commencement of the suit, lived within a mile or two from the Uvalde county line and that he resided there until February 25, 1875. Appellant offered to prove that since the filing of the suit appellee had removed into Uvalde county, and was residing in said county at the date of the trial; but the court refused to admit the evidence, to which appellant excepted.

OPINION.— Our opinion is that the court erred in overruling appellant's exceptions to the plea to the jurisdiction.

Appellee had been duly served with process, and we think that his consent to a general continuance, and especially his agreement to refer the matter in dispute to arbitration, was a submission to the jurisdiction of the court. Our statute requires pleadings to be filed in the due order of pleading. By the old order of pleadings a plea to the jurisdiction could not be filed after a general imparlance. 3 Bl. Com., 301. See, also, Gould's Pleadings. Where the parties to a cause consent to a continuance, they by that act agree to try the cause before that court, but not at that term; otherwise a defendant might have a case continued until the plaintiff's cause of action was barred by limitation, and then by interposing mere dilatory pleas dismiss the suit. Appellant also complains that the court imposed upon him the burden of disproving the special plea of appellee. The rule is the reverse. See Robertson v. Ephriam, 18 Tex., 118; also H. & T. C. R. R. Co. v. Gram, 50 Tex., 181, 44 Tex., 304, and Gould's Pleadings, ch. 3, secs. 57, 58.

We conclude that the judgment should be reversed and cause remanded.

REVERSED AND REMANDED.