Opinion by
White, P. J.
§ 237. Appeal from justice’s court; notice of; consenting to a continuance is an appearance, and dispenses with necessity of such notice. Judgment was recovered in justice’s court by appellee, in a suit upon an account for a trunk and contents, alleged to have been lost by appellant. In the county court the cause was continued several times by operation of law, but at the January term the continuance was, “by agreement of parties, to the next term of the court.” At the next, or February term, appellee moved to dismiss the appeal, because, though the case had been pending in the county court since the 30th August, 1883, the appellant “has not caused any notice in writing of its said appeal to be served on plaintiff (appellee), or on his agent or attorney, as is required by article 1639, Revised Statutes, as amended by *182 act of the legislature approved April 13, 1883.” This motion was sustained and the appeal was dismissed. Article 1639 of the Eevised Statutes was amended by act 13th April, 1883, by additional provisions, as follows, viz.: “When such bond (appeal bond) has been filed with the justice, the appeal shall be held to be thereby perfected; but if, upon the call of the docket on appearance day, in the court to which the appeal is taken, the appellee fails to appear in person, or by attorney, the case shall be continued, unless it is shown to the court that notice of the appeal has been given, as hereinafter provided; and no judgment by default shall at any time be rendered against an appellee whose appearance has not been entered in a case, unless and until it is made to appear to the court that notice in writing of such appeal has been served upon the appellee, his agent or attorney, at least five days before the first day of the term at which the judgment by default is sought to be taken. Such notice may be signed by the clerk of the court, or by the appellant, his agent or attorney, and may be served by the sheriff or any constable of the county, or by any other person competent to make oath of the fact; and the service shall be made by the delivery of a copy thereof to the appellee, his agent or attorney; and such service shall be evidenced by the return thereon of the officer executing the same, or by the oath of such other competent person indorsed thereon, and filed with the papers in the case. ” [Genl. Laws, 18th Leg. Eeg. Sess. p. 91.] Was the notice in writing necessary, and required by the facts of the case ? As we have seen, at the previous term of the court, the case had been continued by agreement of the parties. Was the agreement on the part of appellee to continue the cause such an appearance as obviated the notice of appeal as provided by statute ? We think so. In Boone v. Roberts, 1 Tex. 147, it was held that it was irregular to take exceptions to the process by which a representative of a deceased party is brought into court, after he has appeared and continued the cause. Such exceptions *183 should always be taken before the appearance in, and continuance of, the cause. And, in the case of Thomson v. Alford, 20 Tex. 491, it was held, that where a party is present at one term of the court, and the case is continued by consent of parties, the adverse party must be deemed to be in court, and take notice of proceedings had at a subsequent term. We are of opinion that the court erred in holding that it was necessary to serve appellee with notice in writing of the appeal, after appellee had appeared and consented to a continuance of the cause in the county court. If the object of the statute is that a party must be notified that an appeal has been taken, then, surely, he must have been notified that the case had been appealed, and was pending on appeal, when he agreed to continue it in the court to which it had been appealed.
June 7, 1884.
Reversed and remanded.