SELEY & EARLY ET AL. v. M. J. WHITFIELD.

Decided June 14, 1900.

**Venue—Waiver of Plea of Privilege.**

Where a defendant who was sued out of the county of his residence filed exceptions, which were overruled, and the case was continued several terms by consent and without prejudice to the pleas of either party before the filing of defendant's plea of privilege to be sued in his own county, such plea is held to have been waived.

APPEAL from the County Court of Panola. Tried below before Hon. J. H. LONG.

*J. G. Hazlewood, Anderson & Woolworth,* and *John G. Winter,* for appellants.

*H. N. Nelson,* for appellee.

GARRETT, CHIEF JUSTICE.—This suit originated in a justice court of Panola County. It was brought by the appellee Whitfield to recover of appellants, Seley & Early, C. F. Gribble, and J. M. Welburn, damages growing out of the sale of a half car load of unsound oats, which appellee alleged had been warranted to be sound and to germinate when planted. The appellee resided in Panola County and bought the oats to be delivered at Beckville in said county. The appellants, who are all nonresidents of Panola County, pleaded to the venue of the suit, both by exception and a sworn plea. On a former trial of the case the court below, on exception by the plaintiff, struck out the sworn plea of privilege. It also overruled the plea presented by a demurrer. On appeal of the case, the Court of Civil Appeals for the Fourth District, to which it had been transferred for decision, held that the sworn

plea was properly stricken out, but that the demurrer should have been sustained, and the case was remanded for another trial.    46 S. W. Rep., 865.

After the case had been remanded to the court below, the appellee amended his complaint and alleged that the appellants had committed such fraud in Panola County in connection with the sale and warranty of the oats as would give the justice court of that county jurisdiction over their persons, and also that the oats were shipped to the order of the consignor at Beckville with bill of lading attached, and claimed that this made the sale of the oats a contract in writing to be performed in Panola County.    This amendment was filed February 9, 1899. On February 5, 1900, the appellant filed a sworn plea to the venue. The record shows that the following orders were made in the case after it had been remanded, and before the plea to the venue was filed.    On November 24, 1898, the cause was called for trial and both parties were allowed to file amended pleas.    On November 25, 1898, the cause was continued without prejudice to the pleas of either party.    On the 10th day of February, 1899, plaintiffs filed an amended account, and defendants were allowed to file second supplemental answer, and the cause was continued by consent without prejudice to either party.    On August 11, 1899, as shown by a nunc pro tunc order entered on November 11, 1899, plaintiffs and defendants appeared by their attorneys of record, and it was ordered by the court that the exceptions of defendants to the amended complaint of plaintiff be overruled, to which defendant excepted, and that the plea in abatement be continued until the next term without prejudice.    It was further ordered that the other exceptions on file since the last term all be continued without prejudice to the defendants, and that the defendants' plea in abatement be not affected by said continuance.    It appears from the record that no plea in abatement had been filed when these orders were made, and that the defendants had filed and presented exceptions to the plaintiff's account which were acted on.    The continuances without prejudice were with respect to the pleadings on file.    The only pleading on file at the time was the original answer filed in the justice court.

We are of opinion that the proceedings and orders show that the defendants had waived their plea of privilege to be sued in the county of their residence and had made appearance in the case.    Weekes v. Sunset Brick Co., 22 Texas Civ. App., 556.    We have examined the statement of facts and find that the conclusion of the court that the oats were damaged as alleged and were sold with a warranty of their soundness is sustained by the evidence, and that the judgment ought to be affirmed.

*Affirmed.*