ISABELLA B. BEELER, Respondent, v. WILLIAM FINNEL, Appellant.

Kansas City Court of Appeals, November 5, 1900.

1. **Frauds and Perjuries: ANOTHER'S DEBT: ORIGINAL UNDER-TAKING: PERFORMED WITHIN A YEAR.** Defendant procured board for a woman and her child at plaintiff's house at an agreed price and made several payments. Held, the agreement was not to pay the debt of another but was an original undertaking which might be performed within a year and was not within the statute of fraud.

2. **Limitations: BOARD BILL: PAYMENTS.** The statute of limitations does not apply to a running account with a payment within the period of limitation; and an account for board at so much per week is a continuous account and does not accrue at the end of each month so as to bar  all months prior to the five years period of limitation.

Beeler v. Finnel.

Appeal from the Atchison Circuit Court.—*Hon. Gallatin Craig,* Judge.

AFFIRMED.

*Hunt* and *Bailey* for appellant.

(1) The proof utterly failed to show that defendant ever agreed to pay for the board of Miss Nies and child, or that he ever entered into any contract with reference to the board with plaintiff; nor did defendant ever authorize any one to make such a contract. The court should have granted a new trial, for the verdict is absolutely without proof to support it. Spooner v. Railway, 23 Mo. App. 403; Brewing Co. v. Bodemann, 12 Mo. App. 573; Wight v. Railway, 20 Mo. App. 481. (2) If defendant is liable at all it must be by reason of an express contract in writing. Under the common law we are clearly not liable. 1 Parsons on Con. (6 Ed.) foot p. 371, side pp. 337 and 338; 2 Kent's Com. (12 Ed.) foot p. 265, star p. 215. Before defendant could be liable on an implied contract, he must have adopted the child. See Kent *supra* foot p. 265, star p. 215. (3) Courts do not enforce moral obligations—there must be an antecedent legal liability to which it can attach. Greenabaum v. Elliott, 60 Mo. 25, loc. cit. 29; Easley v. Gordon, 51 Mo. App. 637, in point. If the woman, the mother of the child, could not enforce this contract, how can this plaintiff recover upon the promise of one to stand good for another. The so-called contract was not to be performed within a year; was not in writing, nor was there any memorandum in writing signed by the party to be charged. (4) If in law defendant is not responsible for the maintenance of the child, how could the courts imply a contract and make him responsible by implication? This, indeed, would be a solecism. The statute of frauds prevents

any recovery under the testimony in this case. R. S. 1899, sec. 3418; Haeberle v. O'Day, 61 Mo. App. 390; Allen v. Richard, 83 Mo. 55; Deegan v. Conzelman, 31 Mo. 424; Bailey & Gibson v. School Dist., 14 Mo. 499; Musick v. Musick, 7 Mo. 495; Hackett v. Watts, 138 Mo. 502; Tombs v. Basye, 65 Mo. App. 30; Schlanker v. Smith, 27 Mo. App. 516. (5) The one year under this statute commences from the making of the contract, which must be fully performed within the year. Sharp v. Rhiel, 55 Mo. 97; Self v. Cordell, 45 Mo. 345; Atwood's Adm'r, v. Fox, 30 Mo. 499; Cook v. Redman, 45 Mo. App. 397; Bieler v. Devoll, 40 Mo. App. 251. (6) The statute of limitations pleaded in this cause defeats a recovery. Under the testimony the woman and child went there March 1, 1893. She left on September 1, 1893, and afterward paid board for the child, and then went after the child and plaintiff would not let her have the child. This suit was brought April 15, 1899. Rabsuhl v. Lack, 35 Mo. 316; R. S. 1899, sec. 4273; Thompson v. Brown, 50 Mo. App. 314; Harrison v. Hall, 8 Mo. App. 167.

*John P. Lewis* and *Hammond & Stevens* for respondent.

(1) Answering points 2 to 6, inclusive, of appellant's brief, in one paragraph. There is no pretense in this case that plaintiff is trying to recover under any bastardly law, or upon any implied contract growing out of such a law. The suit is upon defendant's own contract to pay his own debt and not upon any contract to "answer for the debt, default or miscarriage" of any one else, so the statute of frauds requiring surety contracts to be in writing does not apply. While the contract was not performed within one year it might have been as either party could have terminated it at any time, or woman and child might have died. Suggett's Adm'r, v. Carson's Adm'r, 26 Mo. 221; Harrington v. Rail-

way, 60 Mo. App. 223. (2) As to the 6th point, the evidence abundantly tended to show that defendant agreed to pay for the board at the price of $3.50 agreed upon between the parties, so there was a meeting of the minds of the parties. (3) The testimony tended to show that payments were made within five years, and the jury must of necessity have so found, for the verdict, $799.87, is for less than five years board. Payment within the five years on this class of accounts prevents the bar of the statute. Ring v. Jamison, 66 Mo. 424; Chadwick v. Chadwick, 115 Mo. 581. Besides, it was also defendant's own theory on the trial below. See his instruction number 3. Again, all the $799.87 must have accrued within the last five years, as the child remained during all that time, and for this reason it was not barred.

ELLISON, J.—This action is on an account for board of a woman and her child. Plaintiff recovered judgment in the trial court for $799.87.

The evidence in plaintiff's behalf tended to show that defendant took an unmarried woman to a hospital in St. Joseph, Mo., where she gave birth to a female child. That afterwards he aided in procuring board for the mother with a private family in said city. That he furnished the money to pay the woman's board at these places. That afterwards he procured board for the woman and child at this plaintiff's house and afterwards visited them several times. That he agreed to pay plaintiff for their board at $3.50 per week and that he made several payments covering a considerable period of time. In short, there is ample evidence to sustain the verdict on the question of facts presented in issue at the trial, and the only matters to consider are the questions of law now insisted upon by defendant; viz., the statute of frauds and the statute of limitations.

Defendant says that if he promised to pay the board

it was a promise to pay the debt of another, and not being in writing is invalid. That if he should grant he was the father of the child, yet he was under no legal obligation to support it or the mother. Conceding these propositions to defendant, it will not avail him anything. For the plaintiff does not make the claim as for the debt of the woman which defendant agreed to pay but her claim is on defendant's original promise to pay the board as his own debt. It is defendant's original undertaking for which he is bound and to which the statute of frauds does not apply. Neither does the statute of frauds apply which requires contracts not to be performed within one year to be made in writing, for this contract was not one which by its terms *could not* be performed in one year. On the contrary, it might possibly have been. Harrington v. Railway, 60 Mo. App. 223, 230.

The statute of limitations does not apply to a running account where there has been a payment within the period of time limited for bringing the action. The account was continuous and there is no merit in the suggestion that it accrued at the end of each month so as to bar all months more than five years prior to the commencement of the action.

It appears that the mother only remained with plaintiff a few months when she went away leaving the child. But the evidence tended to show that the defendant agreed to pay the same board for the child left in the sole care of plaintiff that was to be paid for the mother.

We have gone over the evidence in this cause and find that it presents slight reason for this appeal. If it be conceded that plaintiff, as charged by defendant, undertook to collect more from him than would measure his legal liability, yet that affords no excuse for not responding to that sum which the jury has found he promised to pay.

The judgment will be affirmed. All concur.