JOSEPH LANCIERI, Respondent, v. KANSAS
   CITY IMPROVED STREET SPRINKLING
   COMPANY, Appellant.

Kansas City Court of Appeals, June 9, 1902.

1. **Appellate Practice: REFEREES: FINDING: VERDICT: EVI-
   DENCE.** The finding of a referee is in the nature of a special verdict,
   and reviewing courts will not interrupt it if supported by substantial
   evidence.

2. **Limitations: OPEN MUTUAL ACCOUNTS: EVIDENCE.** On the
   evidence, the dealings between plaintiff and defendant constituted an
   open mutual account with reciprocal demands and the five-year statute
   of limitation was inapplicable.

Appeal from Jackson Circuit Court.—*Hon. E. P.
             Gates,* Judge.

AFFIRMED.

*E. Wright Taylor* for appellant.

(1) This is not a running account; there is no
mutuality, no reciprocal demands. Macke v. Davis,
61 Mo. App. 524; Harrison v. Hall, 8 Mo. App. 167;
Thompson v. Brown, 50 Mo. App. 314; Estes v. Hamil-
ton-Brown Shoe Co., 54 Mo. App. 543; Chadwick v.
Chadwick, 115 Mo. 581. (2) Therefore, the provis-
ion of the statute (R. S. 1899, sec. 4278) can not apply
in this case.

*Thomas J. Seehorn* for respondent.

(1) No part of plaintiff's demand was barred by
the statute of limitations. Where the account sued

upon is a running account and it is fairly inferable from the conduct of the parties, while the account was accruing, that the whole was to be regarded as one, none of the items are barred by the statute unless all are. Penn v. Watson, 20 Mo. 13; Ring v. Jamison, 66 Mo. 424; Roeder v. Studt, 12 Mo. App. 566; Chadwick v. Chadwick, 115 Mo. 581. (2) The statute of limitations does not apply to a running account where there has been a payment within the period of time limited for bringing the action. Beeler v. Finnel, 85 Mo. App. 438. (3) The referee's application of credits, first upon the second item of plaintiff's account, and the remainder upon the first, is fully supported by the law of this State.

SMITH, P. J.—The plaintiff sued the defendant, a corporation, before a justice of the peace on the following account, to-wit:

For labor performed by plaintiff for and at the request of defendant, and for which it agreed to pay, from November 11, 1894, to November 30, 1895.....................$114 38

For money expended by plaintiff at the request and for the use of defendant, and which it agreed to pay........................... 48 00

Total .............................$162 38

On which there is a credit of $70, as follows:
October 12, 1896, $15; June 2, 1897, $15; September 2, 1897, $15; November 9, 1897, $15; December 2, $10................... 70 00

Balance ............ .................$  92 38

The defendant filed a paper entitled an answer, wherein it is denied that the plaintiff paid the items mentioned in his account at its request. It is therein further alleged that "at various dates and times in the year 1895 and thereafter, it paid to the plaintiff

and for his account at his request, the sum of one hundred and twenty-five dollars which is ten dollars and sixty-two cents more than was due to the plaintiff. Defendant states that it overpaid the plaintiff the said sum of ten dollars and sixty-two cents by the mutual error and misunderstanding of both this plaintiff and defendant.'' And it was still further pleaded that the said items are barred by the statute of limitations; more than five years having elapsed since plaintiff claims to have paid them.

The cause was removed to the circuit court by appeal, when, by consent of parties, it went to a referee, who, after a hearing, made a report containing the following comprehensive, clear and explicit finding:

''The issues thus presented in this case are: Did plaintiff perform labor for defendant as alleged? If he did, what was such labor reasonably worth? Did plaintiff pay out any money for and at request of defendant as alleged? If he did, how much, and when did he pay it, and whether or not a recovery of said money or any part thereof is barred by statute of limitations? Did defendant pay to plaintiff, or for and at request of plaintiff, any money, as alleged in the answer and counterclaim? If it did, how much?

''During the month of November, 1894, and from March 1 to November 30, 1895, plaintiff performed labor for defendant, as alleged, working generally, two nights a week, it being his business under defendant's instructions to see that the lists of streets made out by defendant were cleaned and sprinkled on the nights designated therefor, exercise some supervision over a portion of the men employed in the work, and make his report next morning at the office of defendant. There was no agreement as to amount of his compensation or when he was to be paid. His services were reasonably worth the amount charged therefor, viz., $114.38.

"Plaintiff paid out for and at the request of defendant the following sums of money:

| | |
|---|---|
| November, 1894, to P. Drago...........$10 50 | |
| November, 1894, to P. Stasi............. 10 50 | |
| November, 1894, to F. Asta............. 6 00 | |
| | $27 00 |
| December 14, 1894, to P. Stasi..........$ 5 00 | |
| December, 1894, to P. Stasi............ 8 50 | |
| December, 1894, to A. Bosco........... 7 50 | |
| | $21 00 |
| Total ........ ................. ........$48 00 | |

"The three payments made by plaintiff in November, 1894, aggregating $27, were made more than five years before this suit was instituted, and the three made in December, 1894, aggregating $21, were made less than five years before this suit was instituted. But all of said payments were made by plaintiff on faith of defendant's promise by J. L. Stiebel, at that time manager and an officer of the company, that it would afterwards settle up and reimburse him for the sums so paid, and therefore, make a running account.

"Some time after the fourteenth day of December, 1894, defendant paid to E. W. Taylor, for and at the request of plaintiff, $25, as a fee for legal services on said fourteenth day of December, and prior thereto, rendered for plaintiff, and charges the same to plaintiff in counterclaim filed in this suit. Defendant also paid to plaintiff, on account of its said indebtedness to him, without directing the application thereof, one hundred dollars in the following sums, and on the following dates, viz.:

| | |
|---|---|
| July 3, 1896.........................$ 15 00 | |
| August 14, 1896.................... 15 00 | |

| | |
|---|---|
| October 12, 1896.................. | 15 00 |
| June 2, 1897...................... | 15 00 |
| September 2, 1897................ | 15 00 |
| November 9, 1897 ................ | 15 00 |
| December 2, 1897 ................ | 10 00 |
| | |
| Total ................................$100 00 | |

"All of which payments are charged to plaintiff in the answer and counterclaim filed in this suit. Defendant has, therefore, paid to plaintiff, since December 14, 1894, on account of its said indebtedness, the total sum of $125 as alleged in its counterclaim. Plaintiff gave credit for all of said payments except said $25, attorney's fee, to defendant as payments on account and did not apply said payments or any of them specifically to any particular claim or portion of the account.

"As conclusions of law, from the above facts, I find that the statute of limitations has no application to the facts of this case."

The defendant filed its objections to the report, which were overruled, and the report confirmed. After an unsuccessful motion for a new trial, the defendant took its appeal here.

The finding of a referee is in the nature of a special verdict. The reviewing courts will not go into the weight of the evidence, but will presume the findings correct, when there is no clear showing of mistake, if there is any substantial evidence to support them. State v. Elliott, 82 Mo. App. 458; Manufacturers etc. v. Iron Co., 97 Mo. 38; Caruth v. Walter, 91 Mo. 484; Father Matthew v. Fitzwilliams, 84 Mo. 406; Franz v. Dietrick, 49 Mo. 95. An examination of the abstract has convinced us that there is substantial evidence to sustain the findings of the referee, and therefore, according to the rule just stated, we must presume those findings correct.

The statements filed by the parties before the jus-

tice, and the findings of the referee, show that there was an open mutual account where there were reciprocal demands. R. S. 1899, sec. 4278. It clearly appears there were mutual unsettled dealings, and therefore a mutual open account between the parties, running from 1894 to the latter part of 1897. There was, during that period, labor performed at various times by plaintiff for defendant, and several sums of money advanced by him at the latter's request, to pay some of the laborers employed by such latter. Such latter, on the other hand, made various payments to such former on account, and also paid, at the request of such former, an attorney's fee. In short, there was abundant evidence tending to prove that there was a mutual open account between the parties down to 1897. The conclusion of law, as expressed by the referee in his report, that the five-year statute of limitation was inapplicable, was correct. Chadwick v. Chadwick, 115 Mo. 581; Beeler v. Finnell, 85 Mo. App. 438.

The judgment should accordingly be affirmed. All concur.