WILLIAM SOMERVILLE, Appellant, v. MISSOURI GLASS COMPANY, Respondent.

**Springfield Court of Appeals, June 6, 1910.**

1. **STATUTE OF LIMITATIONS: Account: Principal and Agent.** Generally the Statute of Limitations, in cases where the agency is a general and continuing one, begins to run on the principal's right of action against his agent from the time of the termination of the agency, or from the time the agent has rendered an accounting to his principal and offered to settle, or from the time the principal has made a demand upon the agent for an accounting and the latter has refused or neglected to render it.

2. ———: ——— : **Running Account: Last Item Governs.** In a case where there is a running account between the parties, the rule is that if the last item on either side is not barred by the Statute of Limitation, the whole account is saved from the operation of the statute.

Appeal from the St. Louis City Circuit Court.—*Hon. Charles Claflin Allen,* Judge.

REVERSED AND REMANDED.

*Benj. J. Klene* for (plaintiff) appellant.

(1) The agreement between plaintiff and defendant for a division of profits gives this case the aspect of partnership and the account of sales rendered, received by defendant January 12, 1901, being treated as an account stated, as it may be, indicates that this case must be governed by the limitation rule applicable to partnerships and accounts stated. Coudrey v. Gilliam, 60 Mo. 68; 1 Cyc., 394; White v. Campbell, 25 Mich. 463. In such cases "the Statute of Limitations does not begin to run against the indebtedness until the amount has been ascertained." McClelland v. West, 70 Pa. St. 183; Tutt v. Cloney, 62 Mo. 116; 1 Cyc., 451. But the demand, as here, must in that case be made within the period

prescribed by the statute.    Landis v. Saxton, 105 Mo.
486.   (2)   The statute does not run against the princi-
pal until notice by the principal of the receipt by the
agent of the money, where the agency was a continuing
one, and under this class of cases plaintiff's suit was
timely brought.    Carder v. Primm, 52 Mo. App. 102;
McClurg v. Hill, 7 Mo. App. 579; State v. Minor, 44
Mo. 373; Kirk v. Sportsman, 48 Mo. 382; State to use
v. Dailey, 4 Mo. App. 172; Beardsley v. Boyd, 37 Mo.
180; Cockrill v. Kirkpatrick, 9 Mo. 697; Evans v. King,
16 Mo. 525; Donahue v. Bragg, 49 Mo. App. 273; Schaef-
fer v. Bernero, 11 Mo. App. 562.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.,* for (de-
fendant) appellant.

(1)   This action, having been brought before a
justice of the peace, can only be an action for money
had and received.    It cannot be regarded as an action for
an accounting, because over such actions a justice of the
peace has no jurisdiction.    Revised Statutes 1899, sec.
3837; Rankin v. Fairley, 29 Mo. App. 587; Kelchner v.
Morris, 75 Mo. App. 588.   (2)   A cause of action for
money had and received arises or accrues on the re-
ceipt of the money, and the Statute of Limitations com-
mences to run against it from that time.    Johnson v.
Smith, 27 Mo. 591; Greenbaum v. Elliott, 60 Mo. 25;
Landis v. Saxton, 105 Mo. 486; Miller v. Miller, 7 Pick.
133; Lamb v. Clark, 5 Pick. 193; Brady v. Calhoun, 1
Pa. 140; Robertson v. Dunn, 87 N. C. 191.   (3)   The
ignorance of plaintiff as to his cause of action, in the
absence of a fraudulent concealment by the defendant,
will not affect or prevent the running of the Statute of
Limitations. Garrett v. Conklin, 52 Mo. App. 654; Smith
v. Newby, 13 Mo. 159; Wells v. Halpin, 59 Mo. 92;
Shelby Co. v. Bragg, 135 Mo. 291; Hoffman v. Parry, 23
Mo. 20. And at the end of the year 1905, plaintiff's cause
of action was barred.    Revised Statutes 1899, sec. 4273,

GRAY, J.—This action was commenced before a justice of the peace in the city of St. Louis, on the 8th day of January, 1906, by plaintiff filing an account against the defendant in which it is stated that on January 9, 1901, the defendant became indebted to plaintiff on one item amounting to $396.46, and on September 30, of that year, two items aggregating $100.07. Before the trial in the justice court, the defendant filed a set-off or counterclaim in the nature of an account against the plaintiff, in the sum of $192.66, giving the dates of the items, beginning with March 29, 1900, and ending November 17, of that year.

On appeal to the circuit court, at the conclusion of the evidence, the court sustained a demurrer to both claims on the ground that they were barred by the Statute of Limitations. From the action of the court both parties appealed to the St. Louis Court of Appeals, and that court, by order made, transferred the cause here.

This record raises but one question, and that is: When did the Statute of Limitations begin to run? This applies to the items of the plaintiff's statement, and also to the entire counterclaim of the defendant. Counsel for both parties agree that the five-year Statute of Limitations is the one applicable, but disagree as to the point from which the five years shall be computed. Plaintiff contends, with respect to the first item of his account, that the date from which the computation is to be made, is January 12, 1901, while defendant fixes the time in November, 1900. If the plaintiff's date is the correct one, the cause of action was not barred, and the court erred in sustaining the demurrer thereto. If, on the other hand, the account accrued, within the meaning of the law, in November, 1900, then the judgment must be affirmed.

Plaintiff had formerly been connected with the defendant company. Early in 1900 he severed his connection with the company. At this time he became the

owner of a patent on what was called the "Night-Sun-Lamp," by assignment from defendant. When plaintiff severed his connection with defendant, it was agreed between them that the sale of the lamps should be continued by the defendant. The parts of the lamps were to be assembled by another concern and delivered to the defendant complete, and under the arrangement between plaintiff and defendant, the defendant was to dispose of the lamps and the profits arising therefrom, equally divided. A number of lamps were made and delivered from time to time to the defendant and sold by the defendant under the arrangement with plaintiff. The dates of the sales, times of delivery and accounting for them, and division of profits, were left exclusively to the defendant. There was no statement or account of the business under this contract rendered by defendant to plaintiff until January 9th, 1901, and no complete knowledge by plaintiff as to what had been done under the agreement, until January 12, 1901, and this was furnished upon request of plaintiff. The first item in plaintiff's cause of action is for one-half of the net profits realized from a sale of the lamps under the said contract between the parties.

Generally the Statute of Limitations, in cases where the agency is a general and continuing one, begins to run on the principal's right of action against his agent from the time of the termination of the agency, or from the time the agent has rendered an accounting to his principal and offered to settle, or from the time the principal has made a demand upon the agent for an accounting and the latter has refused or neglected to render it. [Knowles v. Rome Tribune Co., 56 S. E. 109, 127 Ga. 90; Carder v. Primm, 52 Mo. App. 102; Cole v. Baker, 91 N. W. 324; Mechem on Agency, secs. 531-2.]

The above authorities so clearly announce this rule that we do not deem it necessary to further discuss the question.

Applying this rule to the facts in this case, plaintiff's cause of action for profits due him under his contract with the defendant, was not barred by the Statute of Limitations at the time the suit was commenced. Under the terms of the agreement, it was to continue for an indefinite time. The plaintiff had no knowledge when any particular lamp had been sold or the purchase price thereof collected, until January 12, 1901, when a statement of the business was made by defendant and delivered to him.

The second and third items in plaintiff's account are for electric toy wheels and light bulbs which plaintiff claims he left in defendant's possession at the time he severed his connection with the defendant. The plaintiff claims that a larger number than the ones sued for were left with the defendant, and when they were delivered to him, on September 30, 1901, a certain number were missing, and these two items of his account are for the value of the missing wheels and bulbs. He testified that some of these articles were sold by the defendant, but he did not know how many or when they were sold, and he also gave testimony as to the reasonable value thereof.

We gather from his testimony that at the time he left the defendant, he was the owner of these articles, and that defendant had the right to sell and dispose of them, and that between the time he left and September 30, these articles were disposed of in some manner by the defendant.

The defendant's counterclaim is for chimneys, brass and nickel lamps and other fixtures furnished plaintiff by defendant, between March 29 and November 17, 1900. It is claimed by the plaintiff because the last item in defendant's counterclaim is dated November 17, 1900, and shows on its face that it was more than five years old when the counterclaim was filed, defendant is not entitled to recover.

The plaintiff's evidence shows that from November 17, 1900, down to January 12, 1901, there was no accounting between him and the defendant; that the defendant disposed of the toy wheels and light bulbs belonging to plaintiff between those dates, and also that defendant was making sales of the "Night-Sun-Lamps" under the contract between him and the defendant, and that as to this account the Statute of Limitations did not commence to run until January 12, 1901.

If plaintiff's position is correct, then the items in defendant's counterclaim were kept alive, as there was a running account between the parties, and the rule is, in such cases. "if the last item on either side is not barred by the Statute of Limitations, the whole account is saved from the operation of the Statute." [Chadwick v. Chadwick, 115 Mo. 581, 22 S. W. 479; Lancieri v. Kansas City Sprinkling Co., 95 Mo. App. 319, 69 S. W. 29.]

We are of the opinion that the court erred in holding the demands barred by the Statute of Limitations, and we will reverse the judgment and remand the cause. All concur.