WILLIAM SOMERVILLE, Respondent, v. MISSOURI GLASS COMPANY, Appellant.

St. Louis Court of Appeals. Argued and Submitted October 3, 1911. Opinion Filed November 7, 1911.

1. OPINION OF SPRINGFIELD COURT OF APPEALS ADOPTED. The opinion of the Springfield Court of Appeals in this case (144 Mo. App. 463) is adopted as the opinion of the court.

2. JUSTICES' COURTS: Jurisdiction: Suit for Accounting: Partnership. A justice of the peace has no jurisdiction of a suit for an accounting between partners.

3. ———: ———: Action for Money Had and Received: Principal and Agent. A justice of the peace has jurisdiction of a suit between principal and agent for money had and received.

Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen*, Judge.

REVERSED AND REMANDED.

*Benj. J. Klene* for plaintiff (appellant and respondent).

*George W. Lubke* and *George W. Lubke, Jr.*, for defendant (appellant and respondent).

REYNOLDS, P. J.—This is one of the cases originally in this court on cross-appeals by the respective parties, from a judgment of the circuit court of the city of St. Louis, on involuntary nonsuits there taken by them. It was transferred to the Springfield Court of Appeals, there argued and submitted and the judgment of the circuit court reversed and the cause remanded.

The sole question in the cause is one arising on the application of the five-year Statute of Limitations, the circuit court holding that it did apply, the Springfield Court of Appeals holding to the contrary. The cause came back to this court in consequence of the decisions of our Supreme Court, made in cases referred to in Shepard v. Grier et al., 160 Mo. App. 613, — S. W. — (opinion filed in this court November 7, 1911), and it has been argued and submitted to us. We accept and adopt the statement of the case and conclusions of law as made by Judge GRAY for the Springfield Court of Appeals and reported under the above title, 144 Mo. App. 463, 129 S. W. 474, as correct.

We will add to what Judge GRAY has there said, that we do not think it necessary to place plaintiff and defendant in the attitude of partners and to hold this

to be a suit for accounting between them. Of such an action, as is correctly argued by the learned counsel for defendant, a justice of the peace has no jurisdiction. This action rests on and is to be determined by the law applicable to transactions between principal and agent. It is an action at law for money had and received and is within the jurisdiction of a justice of the peace. So the Springfield Court of Appeals held. For the reasons stated by Judge GRAY in his opinion as above reported, the judgment of the circuit court of the city of St. Louis is reversed and the cause remanded. *Nortoni J.,* and *Caulfield, JJ.,* concur.