**WALKER COUNTY LUMBER CO. et al. v. EDMONDS et al. (No. 1595.)**

Court of Civil Appeals of Texas. Beaumont. Oct. 6, 1927.

1. Appearance ⬳20—Widow and heirs of original defendant held to have become parties by appearing, though not served with citation.

Widow and heirs of original defendant *held* to have made themselves parties defendant by appearing and agreeing to continuances and by taking orders to amend, though they were never served by citation.

2. Amicus curiæ ⬳1—Attorneys of widow and heirs of original defendant, who had appeared as defendants, could not assume office of amicus curiæ.

Regularly employed attorneys of widow and heirs of the original defendant, who had appeared and agreed to continuances after defendant's death, could not assume office of amicus curiæ in moving for dismissal for want of prosecution, alleging that neither widow nor heirs had been served with citation.

3. Amicus curiæ ⬳1—Office of amicus curiæ cannot be subverted to use of litigant.

Office of amicus curiæ is to aid the court and is for its personal benefit and cannot be subverted to the use of a litigant in the case.

Appeal from District Court, San Jacinto County; J. L. Manry, Judge.

Trespass to try title by the Walker County Lumber Company and others against G. W. Edmonds and others. G. W. Edmonds died, and his widow and heirs appeared in the case as defendants. Judgment for defendants, and plaintiffs appeal. Reversed and remanded, with instructions.

Dean & Humphrey, of Huntsville, for appellants.
Browder & Browder, of Cold Springs, and Strode & Pitts, of Conroe, for appellees.

WALKER, J. This was a trespass to try title suit, instituted in 1910 by appellant against G. W. Edmonds, who was claiming the land as the community property of himself and his wife. Edmonds was duly served and filed an answer by his attorney, Judge William McMurrey. He died shortly after filing his answer, leaving his widow, some adult children, and some minor children surviving him. The widow and adult children arranged with Judge McMurrey to represent them, and after this arrangement Judge McMurrey filed a supplemental plea, making the widow and all the children of the deceased parties defendant. This supplemental plea was not signed by him, nor does it bear the clerk's file mark. In some way not fully explained, it was attached to a copy of the original answer of G. W. Edmonds, inclosed in the wrapper of the original answer. After filing this plea for the widow and heirs, Judge McMurrey continued representing them until 1924, agreeing to various continuances during that time. After his clients had refused to consummate an agreement entered into by him under their instructions disposing of the lawsuit, Judge McMurrey withdrew from the case. After his withdrawal another attorney appeared for a year or two and represented the widow and adult heirs. Then he withdrew. After his withdrawal the widow and adult heirs employed Messrs. Browder & Browder and Strode & Pitts, who represented then continuously from that time and appear for them on this appeal. In 1921, the plaintiff filed an amended petition, making the widow and all the heirs parties defendant, but service of citation was not had under this plea. The papers

of the case were lost for a part of the time. Attorneys for plaintiff testified that they had been in court practically at every term since the case was instituted, looking after this case. The following is a copy of the judge's trial docket entries.

frequently in court and agreed to continuances. On the 3d day of February, 1914, he took leave "to file 1st amended answer. Set for Mon. 2nd week." After plaintiff had filed its amended petition making the widow and children of the deceased parties defend-

| Number of Case | Name of Parties | Attorneys | Kind of Action and Party Demanding Jury | Date of Filing | | |
|---|---|---|---|---|---|---|
| | | | | Mo. | Day | Year |
| 1490 | Walker Co. Lumber Co. v. G. W. Edmonds | Dean, Humphrey & Powell | Try Title and Damages | Aug. | 25 | 1910 |

| Date or Orders | | | Orders of Court | Minute Book | | Process |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page | |
| Oct. | 31 | 1910 | Same order as in 1489 (set for Mon. 3rd week) | | | |
| Nov. | 14 | 1910 | Continued by agreement | | | |
| May | | 1911 | (No order) | | | |
| Oct. | 30 | 1911 | Set for Friday 2nd week | | | |
| Nov. | 10 | 1911 | Continued generally | | | |
| April | 29 | 1912 | " " | | | |
| Oct. | | 1912 | Same order as in 1489 (set Thursday 2nd week) | | | |
| Nov. | 7 | 1912 | Death of G. W. Edmonds suggested and sci fa to personal representatives & cause contd. generally for that purpose | | | |
| 5 | 5 | 1913 | Transferred from the district court of San Jacinto county, Texas, to the special district court of said county | | | |
| 8 | 4 | '13 | Continued by agreement | | | |
| 2 | 3 | '14 | Defendant has leave to file 1st amended answer Set for Mon. 2nd week | | | |
| 2 | 11 | '14 | Continued to make parties | | | |
| 8 | 3 | '14 | " " " " | | | |
| Nov. | 5 | 1914 | Set for trial Wednesday of 2nd week | | | |
| 5 | 3 | '15 | Continued generally | | | |
| 11 | 11 | '18 | " " | | | |
| 5 | 4 | 1920 | Monday 2nd week | | | |
| 5 | 10 | 1920 | Cont'd to make parties | | | |
| 5 | 2 | '22 | Cont'd and set for Wed 2nd wk next Ct | | | |
| 10 | 31 | '22 | Set for Wed 2nd week | | | |
| 11 | 9 | '22 | Cont'd by agreement | | | |
| 5 | 1 | '23 | " " deft & set for trial for Thursday 3rd week next term | | | |
| 11 | 19 | '24 | Wm. McMurrey granted leave to withdraw | | | |
| 9 | 14 | '26 | Cont'd & set for Mon 2nd wk next court and not to be reset | | | |
| 2 | 14 | '27 | Thursday 3rd week." | | | |

On the third of March, 1927, Messrs. Browder & Browder and Strode & Pitts, as friends of the court, filed a motion in this cause to dismiss it for want of prosecution, alleging that the widow nor any of the heirs of G. W. Edmonds had been served with citation, and that the failure to serve them constituted "negligence and lack of diligence in the prosecution of this suit." The motion was heard on the same day, and sustained. The plaintiff appeared by its attorney and contested the motion. On this contest, it was shown that the plaintiff, under the agreement made at the preceding term of court, "9 14 26 Cont'd & set for Mon 2nd wk next court and not to be reset," was prepared to try its case. As we understand the record, the case was dismissed because citation had not been served upon the widow and heirs of G. W. Edmonds.

[1] The court erred in dismissing this case for want of prosecution. Judge William McMurrey, regularly employed attorney of the surviving widow and adult heirs, appeared ant, Judge McMurrey again appeared, on the 9th day of November, 1922, and agreed to a continuance. Again, on the 1st day of May, 1923, he agreed to a continuance and to a setting for trial for "Thursday 3rd week next term." After the present attorneys appeared in the case, on, to wit, the 13th day of August, 1926, the case was "Cont'd & set for Mon 2nd wk next court and not to be reset." The court made the following order during the term at which the cause was dismissed: "2 14 27 Thursday 3rd week." By appearing and agreeing to a continuance, and by taking orders to amend, the widow and adult heirs made themselves parties defendant as effectively as if served by citation. In Kelso v. Adams, 2 Posey, Unrep. Cas. 374, it was said:

"Where the parties to a cause consent to a continuance, they by that act agree to try the cause before that court, but not at that term; otherwise a defendant might have a case continued until the plaintiff's cause of action was barred by limitation, and then by interposing mere dilatory pleas dismiss the suit."

And that is one of appellants' propositions here. See, also, Lancieri v. Kansas City Improved Street Sprinkling Co., 95 Mo. App. 319, 69 S. W. 29; Mueller v. Heidemeyer, 49 Tex. Civ. App. 259, 109 S. W. 447; Thompson v. Alford, 20 Tex. 491; Campbell v. Wilson, 6 Tex. 379; Rabb v. Rogers, 67 Tex. 335, 3 S. W. 303; Seley v. Whitfield, 24 Tex. Civ. App. 56, 58 S. W. 541.

Under the foregoing authorities, the widow and adult heirs were in court and subject to the court's jurisdiction. Without controversy, it appeared that plaintiff was in court ready to try its case, at least as against the widow and the adult heirs, and from the entries on the judge's trial docket and the testimony of plaintiffs' attorneys it was made to appear that they had with diligence looked after this case from the time it was filed.

[2, 3] Though Browder & Browder and Strode & Pitts described themselves in their motion as the friends of the court, their appearance was in law for their clients. Being the regularly employed attorneys of the widow and adult heirs, they could not assume the office of amicus curiæ. This office is to aid the court and for its personal benefit, and cannot be subverted to the use of a litigant in the case. Olcott v. Reese (Tex. Civ. App.) 291 S. W. 261.

The judgment of dismissal is reversed, and the cause remanded to the trial court, with instructions to reinstate this case upon the docket subject to call for trial.