### JAMES W. SHANE v. MEXICAN INTERNATIONAL RAILWAY COMPANY.

#### No. 498.

**Foreign Corporation—Venue—Plea in Abatement.**—Plaintiff brought suit in B. County against a foreign railroad corporation, and citation was served upon M., as its local agent in that county. Defendant filed a plea in abatement, sworn to by M., denying that it had an agent in B. county, and averring that M. was simply authorized to solicit shipments of freight over its line. The proof showed not only that defendant advertised M. as its commercial agent, but that he had an office in B. County, from which he was authorized to sell tickets over its road. *Held,* that the plea was not well taken.

APPEAL from Bexar. Tried below before Hon. W. W. KING.

*C. A. Keller*, for appellant.—1. The judgment of the court was contrary to the evidence, for the reason that the testimony established the fact that defendant had an office and agent, or representative, in Bexar County, upon whom citation herein had been duly served; and the court erred in holding that the party so served was not such agent or representative as contemplated by the statute providing for service upon foreign corporations.

Foreign corporations doing business within this State may be sued in any court within this State having jurisdiction over the subject matter, in any county where such company may have an agency or representative. Sayles' Stats., art. 1198, sec. 21b; Id., art. 1223a; Railway v. Traweek, 84 Texas, 65, 68; Ins. Co. v. Nichols (Texas), 24 S. W. Rep., 911; Railway v. Charman (Texas), 24 S. W. Rep., 958.

2. Service of process upon a commercial agent of a foreign corporation doing business in the State, such agent or representative being a resident of the county in which the suit is pending, gives jurisdiction over such corporation. Block v. Railway, 21 Fed. Rep., 529; Angerhoofer v. Bradstreet Co., 22 Fed. Rep., 308, 309; Van Dresser v. Railway, 48 Fed. Rep., 203, 204; Railway v. Traweek, 84 Texas, 65, 68; In re Hohorst, 150 U. S., 653 (37 Law Ed., 1211, 1215); Bridge Co. v. Norton, 51 N. J., 422; 17 Atl. Rep., 1079; Gross v. Nichols, 72 Iowa, 239; 33 N. W. Rep., 653; Tuchband v. Railway, 115 N. Y., 437; 22 N. E. Rep., 360; Reno on Foreign Corp., sec. 46; Hagerman v. Empire Slate Co., 97 Pa. St., 534.

*Upson & Bergstrom*, for appellee.—The action of the court in sustaining the plea was correct, as McMillan was not agent of the defendant company in the sense that authorized service of process on him. Railway v. Whitley, 77 Texas, 126; Railway v. Traweek, 84 Texas, 65; St. Clair v. Cox, 106 U. S.; Reno on Foreign Corp., sec. 45.

NEILL, ASSOCIATE JUSTICE.—The appellant, as plaintiff below, sued appellee in the District Court of Bexar County for damages occasioned by personal injuries sustained by reason of alleged negligence of the company while in its service as an employe in the Republic of Mexico. He alleged in this petition, that the appellee was a foreign corporation doing business in Bexar County, Texas, where it had an office and agent, or representative; and that J. M. McMillan was its commercial agent and representative in said county. Citation was duly issued and served on the appellee by delivering a copy thereof to its said alleged commercial agent.

The appellee answered that, as a foreign corporation, it transacted its business in Maverick County, Texas, where it had an agent, who resided in that county; that J. M. McMillan, upon whom the citation was served, was not its agent and representative at any time, and that

. it had no agent in Bexar County when the suit was brought, and has had none since; that the authority of said McMillan at the time of the service of the citation and when the suit was instituted, and ever since that time, was simply to solicit shipments of freight over its line of railway; and that its agent in Maverick County was its only agent authorized to transact its business in Texas when the suit was brought, and since that time. The truth of the facts set out in the answer were sworn to by J. M. McMillan alone.

The cause was tried by the court without a jury, upon the appellee's plea in abatement alone as set forth from its answer, which plea the court, after hearing the evidence thereon, sustained, and entered judgment dismissing the suit, from which judgment this appeal is prosecuted.

The plea itself admits that McMillan was authorized by the company, at the time of service of citation, and ever since then, to solicit shipments of freight intended for the Republic of Mexico, to be carried over its line of railway. McMillan does not appear to be the attorney for the company; and, if he was not its agent, his affidavit to the plea was unauthorized, and could give it no standing in court. It was shown by the testimony of McMillan, that the Mexican International Railroad Company advertised him as its commercial agent in San Antonio; that it furnished him with "folders," which he distributed from his office and elsewhere. He identified "folders" as those of the company, which showed upon their face that they were those of the Mexican International Railroad Company, on, which his name appeared as "Commercial Agent, San Antonio, Texas;" and that he had an office in the city of San Antonio, Bexar County, Texas, upon one of the windows of which is a Mexican International freight and ticket office sign, which reads, "Mexican International Freight and Ticket Office;" and that he had tickets for and sold them over the Mexican International Railroad. He further testified, that the Galveston, Harrisburg & San Antonio Railway and Mexican International are connecting lines, and have an arrangement by which they do business together, and that he is employed by the Galveston, Harrisburg & San Antonio Railway Company.

These are substantially all the facts proven on the trial, and we think, when taken in connection with the admission in the plea, they conclusively establish the fact, that when the suit was instituted and citation served the appellee had an agency and representative in Bexar County, which under article 1198, section 21b, Sayles' Statutes, gave the District Court of said county jurisdiction of this cause.

Therefore the judgment of the District Court is reversed and the cause remanded, with instructions to the court below to enter judgment against the appellee on its said plea in abatement, and to try the case on its merits.

*Reversed and remanded.*

Delivered October 31, 1894.