OLSEN & WALKE V. CALIFORNIA INSURANCE CO. ET AL.

No. 663.

**1. Practice—Jurisdictional Inquiry by Court—Amicus Curiae—Service on Corporation.**

Where a corporation is attempted to be served with citation ·through an alleged agent, and the agency of the person served is called in question, even by suggestion of an amicus curiae, the court may, for the purpose of protecting its jurisdiction, inquire into such alleged agency, hear the affidavit of the person served, in denial thereof, and may thereupon refuse judgment by default against the corporation.

**2. Same—No Issue for Jury.**

Where no plea or answer has been filed by the defendant corporation, such inquiry as to service involves no issue to be submitted to the jury.

**3. Fire Insurance—Contract—Assumption of Liability for Losses of Another Company.**

Where an insurance company going out of business contracted with another company, stipulating that it would discharge its own "outstanding obligations," but the latter company was to assume its "trade, contingent liabilities and good will," this was no assumption of the liability of the retiring company for a loss by. fire occurring before the contract was made.

APPEAL from Bexar. Tried below before Hon. R. B. GREEN.

*Franklin & Cobbs* and *Yale Hicks,* for appellants.

*McLeary & Stayton,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellants to recover on a fire insurance policy issued by the California Insurance Company to Olsen & Sons on April 7, 1891, and assigned by them with the consent of the company to the appellants, on a stock of furniture, carpets, etc., which stock was by the policy insured one year from its date for one thousand dollars.

The grounds upon which the appellants sought to hold the Firemen's Fund Insurance Company liable were that the other insurance company had gone out of business, and it had assumed the payment of its losses.

The California Insurance Company being a foreign corporation, citation was served upon Eichlitz & Tobin, on July 27, 1892, who were alleged to be its local agents.

The Firemen's Fund Insurance Company answered denying any liability.

When the case was called for trial, the plaintiffs announced ready,

and the Firemen's Fund Insurance Co. likewise appeared and announced ready for trial. The California Insurance Co. having failed to appear or answer, the appellants asked for a judgment by default with a writ of inquiry, and offered to make the necessary proof to establish its demand against said company. Thereupon the attorney for the Firemen's Fund Insurance Company, specially disclaiming that he' represented the California Insurance Company, presented as a friend of the court the affidavit of Eichlitz & Tobin, by which they swore that, while they were formerly the agents of the California Insurance Company, they ceased to be such agents on the 12th day of May, 1892; that they were not its agents or local representatives on the 21st day of July, 1892, and have not been since that date, etc. Whereupon the appellants moved the court to strike out such affidavit upon the ground that it was not made by a party to the record, but by a stranger thereto, and could not be considered by the court for any purpose,—which motion was overruled by the court, and the ruling excepted to by the appellants.

The court then called Wm. G. Tobin, of the firm of Eichlitz & Tobin, who testified to the truth of the matters set out in said affidavit,—which testimony was likewise objected to and a bill of exceptions reserved by appellants to its admission.

The court did not err in refusing to strike out the affidavit of Eichlitz & Tobin; nor in holding that there was no legal service on the California Insurance Company; nor, in refusing to permit appellants to take judgment by default with a writ of inquiry against said company.

When a corporation is attempted to be served through an alleged officer or agent, and the official character or agency of the person served is called in question, the court may, for the purpose of protecting its jurisdiction, inquire, as a fact essential to confer jurisdiction over the person of the defendant, whether or not the alleged officer or agent through whom the defendant is sought to be brought before the court is in fact such officer or agent. When it is brought to the knowledge of the court by the affidavit of the person upon whom the citation has been served, that a judgment by default is being sought against a corporation by service upon him as its officer or agent, and that he is not such, it would seem that the court has the power to inquire into the fact, or at least should require of plaintiff proof of the official character or agency of the person before proceeding to judgment. Jones v. City of Jefferson, 66 Texas, 578; The State v. Jefferson Iron Co., 60 Texas, 314. The case of Shane v. Mexican Int. Ry. Co., 28 S. W. Rep., 456, cited by appellants, has no application to the question under consideration. It simply holds that a plea which is required by statute to be sworn to is given no standing in court by an affidavit made by one who is neither the agent nor attorney of the party filing it. Nor is the case of Bradstreed & Co. v. Gill, 72 Texas, 115, 9 S. W. Rep., 753, applicable. In that case the defendant denied that it had an agent in the county when the suit was brought, and plead in abatement to the jurisdiction of the court, and it was held on ap-

peal that, there being evidence tending to support the plea, it was error to instruct the jury that the evidence showed that defendant had an agent in the county, because it was on the weight of evidence. There was an issue made by the parties in their pleadings, and there being evidence tending to support the plea, the issue should have been submitted to the jury under an appropriate charge. In this case there was no plea filed by the California Insurance Company, and, consequently, no issue for a jury to pass upon. The court instituted the inquiry at the suggestion of its amicus curiae for the purpose of determining whether it had jurisdiction over the person of a party necessary to enable it to render a judgment by default, and it was the province of the court to determine the question. The court having determined that it had no jurisdiction over the California Insurance Company, did not err in dismissing the case as to it.

It is unnecessary for us to pass upon appellants' fourth assignment of error, inasmuch as the evidence, the exclusion of which is complained of, was afterwards admitted by the court, as is shown by the statement of facts in the record.

In view of the allegations in plaintiffs' petition, we think there was no error in the court's holding that the contract attached as an exhibit to the petition did not show an assumption by the Firemen's Fund Insurance Company of the payment of the loss sued for. The petition alleged that the property insured was consumed by fire on the 25th day of February, 1892. The exhibit shows that on the 20th day of April, 1892, when the California Insurance Company went out of business, it transferred its "trade, contingent liabilities and good will" to the Firemen's Fund Insurance Company, and that the transfer went into effect at noon on that day, stipulating that thereafter all business assumed or written should be on account of the last-named company. The California Insurance Company, by the contract, promised to at once proceed to the discharge of its outstanding obligations, the Firemen's Fund Insurance Company declaring that it had fallen upon it to pay the losses and reap the advantages which were to accrue from its assumption of the losses of the other company. The loss to appellants was an actual and not a "contingent liability" of the California Insurance Company. It was its "outstanding" subsisting obligation which by the contract with its transferee it promised to "proceed at once to discharge." By the contract it had not "fallen upon" the Firemen's Insurance Company to pay this loss. Its undertaking was to pay the losses "which were to accrue" from its assumption, and not such as had already accrued.

The only ground of recovery alleged by plaintiffs against the Firemen's Fund Insurance Company being upon the contract attached to their petition as an exhibit, as it created no liability in plaintiffs' favor against the company, it was useless for the court to proceed further with the testimony offered by plaintiffs to prove the destruction of their property, etc., and it did not, therefore, err in excluding such testimony, nor in instructing the jury to find a verdict for said company.

As the contract upon which it was sought to hold the Firemen's Fund Insurance Company liable did not create such liability, it is unnecessary for us to pass upon the rulings of the court in regard to the admission or exclusion of testimony offered by the appellants.

There is no error in the judgment of the District Court, and it is affirmed.

*Affirmed.*

Delivered October 2, 1895.