## HURD v. INGLEHART.

(Court of Civil Appeals of Texas. San Antonio. Oct. 11, 1911.)

1. COURTS (§ 7*)—ACTIONS—VENUE.

The maker of a note may be sued thereon in the county of his residence, though the note be payable in another state.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 7.*]

2. AMICUS CURIÆ (§ 3*)—EXCEPTIONS BY—EFFECT.

Exceptions filed by amici curiæ may be disregarded.

[Ed. Note.—For other cases, see Amicus Curiæ, Cent. Dig. §§ 3–5; Dec. Dig. § 3.*]

3. AMICUS CURIÆ (§ 3*)—EXCEPTIONS BY—EFFECT.

Exceptions filed by amici curiæ cannot be treated as exceptions filed by defendant on his appeal, and, unless jurisdictional, cannot be considered.

[Ed. Note.—For other cases, see Amicus Curiæ, Cent. Dig. §§ 3–5; Dec. Dig. § 3.*]

Appeal from District Court, Matagorda County; Wells Thompson, Judge.

Action by J. C. Inglehart against B. D. Hurd. Judgment for plaintiff, and defendant appeals. Affirmed.

Gaines & Corbett, for appellant. Richard R. Lewis, for appellee.

FLY, J. This is a suit on a promissory note for $5,885.29, executed by appellant to appellee, payable in Kansas City, Mo., which upon a trial resulted in a judgment for appellee for the amount claimed by him.

[1] Appellant resided at the time the suit was instituted and tried in Matagorda coun-

ty, Tex., but amici curiæ attacked the jurisdiction of the court on the ground that the note sued upon was payable in Kansas City, Mo. The exceptions to the action on that ground were overruled. No authority is cited sustaining appellant's position, and clearly under our statute the district court of Matagorda county had jurisdiction of the matter in controversy and the person of appellant. Appellee could have sued on his claim in Kansas City, but he undoubtedly had the right to sue in the county of the residence of appellant. The suit in that county secured to appellant all the rights and privileges of being sued at home, which are usually prized by defendants, and which are jealously guarded by the laws of Texas.

[2] The exceptions seem to have been presented to the court through attorneys describing themselves as amici curiæ, a position they were allowed to assume only through the grace and leniency of the court, and the court might have declined to entertain any exceptions filed by them. State v. Jefferson Iron Co., 60 Tex. 312; Jones v. Jefferson, 66 Tex. 576, 1 S. W. 903.

[3] However, they were heard, but the exceptions voluntarily filed by them cannot be treated as exceptions filed by appellant, and, unless it is a jurisdictional matter, it cannot be considered. Andrews v. Beck, 23 Tex. 455; Moseby v. Burrow, 52 Tex. 396. We know of no law or decision which tends to support the contention that where a contract, evidenced by a promissory note, is to be performed in a certain place, even though in another state, that the maker thereof cannot be sued in the county of his residence.

The judgment is affirmed.