ELLIOTT v. STANDARD STEEL WHEEL & TIRE ARMOR CO. (No. 1393.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 21, 1915.)

1. CORPORATIONS ⊜668—ACTIONS—SERVICE OF PROCESS—VALIDITY.

The court, on suggestion that service on a foreign corporation was not procured by service on an individual as local agent, may consider the affidavit of the individual, averring that he was not at the time of filing of the affidavit, or at the time of the bringing of the suit and service of citation on him, an officer or local agent of the corporation, and that the corporation was not engaged in business in the state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. ⊜668.]

2. CORPORATIONS ⊜668—FOREIGN CORPORATIONS — SERVICE OF PROCESS — SERVICE ON AGENT.

Service of process on a foreign corporation by service on one who came into the county to sell stock and to establish a local sales agency, and whose territory was unlimited, was not good as made on a local agent within the statute authorizing service on foreign corporations by service on such agents, and, even if such person was a general agent, the service was not within the statute.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. ⊜668.]

3. CORPORATIONS ⊜669—FOREIGN CORPORATIONS—SERVICE OF CITATION—APPEARANCE.

The appearance of the regular attorney of a foreign corporation as amicus curiæ, to object to the sufficiency of service of citation on the corporation, is not an appearance for it.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2641, 2642; Dec. Dig. ⊜669.]

Appeal from District Court, Lamar County; Ben H. Denton, Judge.

Action by D. T. Elliott against the Standard Steel Wheel & Tire Armor Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Elliott & Larsen and Burdett & Connor, all of Paris, Tex., for appellant. Moore & Hardison, of Paris, Tex., for appellee.

LEVY, J. Appellant instituted the suit to recover a sum of money alleged to have been obtained from him through fraudulent representations. The petition alleged that the defendant was a corporation organized and existing under the laws of the state of Arizona, and a citizen of that state, but having its principal place of business in Oakland, Cal., and also averred that defendant was doing business in the state of Texas through its duly appointed and authorized agent, G. B. Bohannon. Citation was accordingly issued on the 21st day of October, 1913, and served on same day by the sheriff of Lamar county upon G. B. Bohannon in person as the local agent of the defendant corporation. At an ensuing term of the court, on April 6, 1914, there was filed an affidavit of G. B. Bohannon, which is to the effect that he is not, and was not when the citation was served upon him, any officer or local agent of the defendant, and that defendant was not engaged in business in Texas. Whereupon Moore and Hardison appeared as friends of the court and suggested to the court that such affidavit was filed, showing no valid service on the defendant. The court proceeded to hear testimony, and upon the conclusion thereof made the findings of fact that the defendant was a nonresident corporation created under the laws of Arizona and doing business in California, and that at the date of the suit, and at the time of service of citation upon G. B. Bohannon, such corporation was not doing business in Texas, and that G. B. Bohannon was not in fact the local agent of the corporation. Upon the plaintiff declining to continue the case for further service, the court entered an order of dismissal of the suit. The appeal is from the ruling of the court.

[1] The first and third assignments of error assail the findings of fact made by the court. The evidence is without dispute that the appellee is a foreign corporation, and that Bohannon was not an officer of any kind of the corporation. The affidavit of Bohannon, which the court was authorized to consider, also stated that he was not at the time of filing the affidavit, nor at the time the suit was brought, nor at the time the citation was served upon him, a local agent of the appellee in Lamar or any other county in Texas.

[2] And it is thought that the court could have inferred as a matter of fact, as he did, from the affidavit and other circumstances, that Bohannon was not the local agent of appellee at the times mentioned. The evidence in substance showed that in March, 1913, Bohannon came to Paris, and, claiming that he was the representative of appellee, solicited the taking of capital stock of the corporation, and tried to contract a district sales agency. Appellant, it appears, agreed to the proposal, and a written contract was entered into, signed by Bohannon as agent, and forwarded to the principal office of appellee at Oakland, Cal., and the contract was in all things approved by the officers of appellee. The reply letter of appellee to appellant stated that Bohannon was the representative of appellee in making the sale and agreement. The company also received the money paid by appellant for the stock. Bohannon remained in Paris between two and three months from the date of appellant's

contract, and then left there. It was proven without dispute that Bohannon did not reside or do business in Paris or Lamar county. While in Paris, Bohannon took orders from different people, and went with appellant to solicit orders from several people. The letter from Bohannon to the appellee explains his soliciting orders as follows:

"I have agreed to spend some little time with Mr. Elliott in soliciting some wheel business, or more to add to the fact that he will represent your company."

The orders were sent in to the company for appellant's benefit, but they were not filled by the company, for the reason given that the company was not in a position at the time to market their proposed products. All this was before the suit and service of citation. It was next shown that in October, 1913, Bohannon was in attendance upon the federal court as a witness, and he stated to appellant that he had come from Dallas, his headquarters, and was still representing the appellee, and that "the whole world was his territory, and he would take orders anywhere," and that he intended to come back to Paris. Bohannon was directed, it appears, by appellee, to come as a witness in the case in the federal court, and was authorized by appellee to employ counsel for them in that case. While Bohannon was in attendance as a witness upon the federal court, the citation was served upon him. Clearly, in the facts, Bohannon was not a local agent in Lamar county, and was not an agent in any given place or territory. Even if Bohannon was a general agent for the state, he would not be such an agent as is meant by the statute. Piano & Organ Co. v. Anderson, 97 Tex. 432, 79 S. W. 516; Iron Works v. Reeves & Co., 43 Tex. Civ. App. 254, 95 S. W. 739.

[3] The third assignment is overruled. It is not believed that the appearance of the regular attorney as amicus curiæ to object to sufficiency of service of citation was in this case an appearance of the company. Railway Co. v. Moore, 32 S. W. 379; Olsen v. Insurance Co., 11 Tex. Civ. App. 371, 32 S. W. 446.

The judgment is affirmed.