## OLCOTT v. REESE et al. (No. 1473.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 11, 1927. Rehearing Denied Feb. 23, 1927.)

1. **Appearance 8(6)—By agreeing on special judge, plaintiff, not served with notice of answer praying for affirmative relief, held to have appeared, though not appearing when case called for trial.**

Plaintiff, not served with notice of answer praying for affirmative relief, *held* to have made full appearance for all purposes by agreeing on a special judge to try the case, though when the case was called for trial plaintiff declined to enter an appearance.

2. **Attorney and client 88—Appearance of plaintiff's counsel, though as "amicus curiæ," held appearance of plaintiff.**

The appearance of plaintiff's counsel, though he assumed the rôle of amicus curiæ in arguing on the law of plaintiff's case, *held* to have been an appearance, binding on plaintiff for all purposes.

3. **Amicus curiæ 3—Office of amicus curiæ is to aid court, and cannot be subverted to aid litigant.**

The office of amicus curiæ is for the benefit of the court, and cannot be used to assist an interested party.

4. **Judgment 252(3)—Claim of ownership of house, with prayer for general relief, held sufficient to sustain judgment for its possession.**

Where defendants claimed ownership of house, pleading the facts, prayer for general relief was sufficient to invoke court's jurisdiction to enter judgment in their favor for its possession.

Error from Orange County Court; Ed. S. McCarver, Special Judge.

Action by Miss Theodora Olcott against Ben Reese and Nora Reese. Judgment for defendants, and plaintiff brings error. Affirmed.

D. C. Bland, of Orange, for plaintiff in error.

O. R. Sholars, of Orange, for defendants in error.

WALKER, J. This suit was instituted by plaintiff in error against defendants in error to recover the title and possession of a certain house in the city of Orange, Tex., alleged not to be a part of the realty. She was granted a temporary injunction, restraining defendants in error from interfering with her in her efforts to move the house. Defendants in error answered, claiming ownership of the house, and also specially pleading the value. The prayer was for general relief.

The case was not tried before the regular judge, but the parties agreed upon Judge Ed. S. McCarver, who, having duly qualified, tried the case. When the case was called for trial, plaintiff in error, by her counsel, announced that she would not prosecute the case any further, and declined to enter an appearance. Defendants in error announced ready for trial. Thereupon the court heard proof of the issues made by defendants in error in their answer, and rendered judgment for defendants in error for the title and possession of the house. While plaintiff in error made no appearance in the case, her attorney, Judge D. C. Bland, was present during the trial, and at the conclusion of the evidence made an argument to the court on the law of the case, which he said was made in his capacity as amicus curiæ, and not as attorney for plaintiff in error. The judgment having been rendered against his client, this appeal was prosecuted by writ of error.

[1, 2] His propositions are, first, that having made no appearance in the case, and as plaintiff in error had not been served with notice of defendants in error's answer praying for affirmative relief, the trial court was without jurisdiction to enter any order other than a dismissal of the plaintiff's suit and either a dismissal of the defendants' cross-action or a continuance thereof for service. This proposition is without merit. By agreeing upon Judge McCarver to try the case, plaintiff in error made a full appearance in the case for all purposes, but if this had not been done, the appearance of her attorney in the case, though he claimed it to be in the nature of amicus curiæ, was an appearance for all purposes, and was as binding upon plaintiff in error as if made in the due prosecution of her case. As defined in 2 C. J. 1922:

"An amicus curiæ is a bystander, usually a lawyer."

Judge Bland was in no sense a bystander, being a party very much interested in the litigation. Again, as announced in 2 C. J. 1923:

"Assumption of the role of amicus curiæ by counsel through whom some of the parties are represented does not affect the proceeding." State v. McDonald, 63 Or. 467, 128 P. 835, Ann. Cas. 1915A, 201.

[3] Clearly, the office of amicus curiæ is to aid the court and is for the personal benefit of the court, and cannot be subverted to the use of a litigant in the case. Though the judgment recites that Judge Bland appeared

as amicus curiæ, the facts show that his appearance was that of an interested party.

[4] Plaintiff in error's second proposition is that the judgment is wrong because' defendants in' error had no prayer for affirmative relief. This proposition is not sound. Defendants in error pleaded all the facts upon which they sought relief, and their prayer for general relief was sufficient to invoke the jurisdiction of the court to enter judgment in their favor for the possession of the house.

The judgment of the trial court is in all things affirmed.