### FLINN v. KROTZ. (No. 7747.)

Court of Civil Appeals of Texas. San Antonio. March 30, 1927.

**1. Process ⊚⟹26—Notice to nonresident to appear first September Monday, same being June 6, held insufficient (Rev. St. 1925, art. 2037).**

In suit for specific performance of land contract, personal notice to nonresident defendant commanding him, under Rev. St. 1925, art. 2037, to appear "on the first Monday in September, 1926, same being the 6th day of June, A. D. 1926," *held* insufficient to apprise defendant of true date on which he was required to appear.

**2. Amicus curiæ ⊚⟹1—Member of bar may assume roll of amicus curiæ and offer to advise court, but it is within judge's discretion whether he will hear advice or heed it.**

A member of the bar of a court may assume the roll of amicus curiæ and as such properly offer to advise a court on questions of law or practice, but it is within the discretion of the judge as to whether he will hear the advice or heed it.

**3. Amicus curiæ ⊚⟹1—Role of "amicus curiæ" should be assumed only to point out some reason apparent of record why court should, or should not, act in given matter.**

The roll of amicus curiæ is a delicate one and should be assumed only to point out some reason apparent of record why the court should, or should not, act in a given matter.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Amicus Curiæ.]

**4. Amicus curiæ ⊚⟹3—Amicus curiæ cannot invoke action of court on exceptions or issues of fact not jurisdictional, or enter discussion, or invoke ruling on matters in which court might not act on its own initiative.**

It is beyond the office of one acting in the roll of amicus curiæ to invoke the action of the court on the exceptions or on issues of fact unless confined to jurisdictional matters, or to enter into a discussion, or invoke a ruling on matters in which the court may not act on its own initiative.

**5. Amicus curiæ ⊚⟹3—Amicus curiæ may question sufficiency of service of process and point out facts depriving court of jurisdiction.**

Amicus curiæ may question the sufficiency of service of process to authorize a judgment and may point out facts which would deprive court of jurisdiction.

**6. Amicus curiæ ⊚⟹3—Amicus curiæ may move for dismissal for lack of jurisdiction.**

It is within the province of amicus curiæ to move for a dismissal of a cause of action for lack of jurisdiction.

**7. Amicus curiæ ⊚⟹3 — Rulings, obtained by amicus curiæ acting in excess of his prerogative, may be reviewed and set aside on appeal if improper.**

If one acting in the roll of amicus curiæ has exceeded his prerogative and obtained rulings not warranted, such rulings will be reviewed and set aside on appeal, though court's action in hearing amicus curiæ will not cause reversal of ruling in itself proper.

**8. Amicus curiæ ⊚⟹1—In suit for specific performance or damages for breach of contract to convey land, activities of amicus curiæ held not to constitute "appearance" for nonresident defendant.**

In action for specific performance, and, in the alternative, for damages for breach of contract to convey land, motion by amicus curiæ for quashing of writ of sequestration and dismissal of suit on ground that writ was improperly issued, and that specific performance could not be enforced against a nonresident defendant not personally served and who made no appearance, *held* not to constitute an "appearance" on behalf of defendant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Appearance.]

**9. Judgment ⊚⟹17(3)—Nonresident defendant, not served with statutory notice nor appearing in suit for specific performance, held not required to take notice of subsequent pleadings, nor liable on judgment thereon (Rev. St. 1925, art. 2037).**

Nonresident defendant, not properly served with notice, under Rev. St. 1925, art. 2037, nor voluntarily appearing in suit for specific performance, *held* not required to take any notice of further pleadings seeking alternative relief, nor liable on judgment rendered on such pleadings.

**10. Amicus curiæ ⊚⟹3—Suit for specific performance or damages for breach of land contract against nonresident defendant held properly dismissed for want of jurisdiction on motion of amicus curiæ (Rev. St. 1925, art. 2037).**

Action for specific performance, or, in the alternative, for damages for breach of contract to convey land, brought against a nonresident defendant who was not properly served with statutory notice, under Rev. St. 1925, art. 2037, and who did not voluntarily appear, *held* properly dismissed for want of jurisdiction on motion of amicus curiæ.

Appeal from District Court, Hidalgo County; J. E. Leslie, Judge.

Action by C. M. Flinn against Joseph Krotz. From a judgment of dismissal, plaintiff appeals. Affirmed.

D. F. Strickland, J. Q. Henry, and J. F. Ewers, all of Mission, for appellant.

H. L. Faulk, of Brownsville, amicus curiæ.

SMITH, J. This action was brought by C. M. Flinn against Joseph Krotz in the district court of Hidalgo county. In the original pe-

tition Flinn alleged·that he had entered into a written contract with Krotz for the purchase from the latter of a certain tract of land in that county, and prayed for specific performance of the contract. This petition was filed May 25, 1926, and on the next day the plaintiff had the land seized by the sheriff under a writ of sequestration.

[1] Krotz is a nonresident of the state, and personal service was sought upon him by notice in the form provided by article 2037, R. S. 1925. The notice served upon the defendant was issued June 7, 1926, was served upon him in person in the state of his domicile on June 13, 1926, and commanded him to appear and answer plaintiff's original petition "on the first Monday in September, 1926, same being the 6th day of June, A. D. 1926." It is obvious that this notice was insufficient to apprise the defendant of the true date at which he was·required to appear, and was not in compliance with the statute requiring the citation to name the time of holding the term of court at which he must appear.

Subsequently, on July 1, 1926, and without further service upon or notice to the nonresident defendant, the plaintiff filed an amended petition, and, in addition to the allegation and prayer for specific performance contained in his original petition, sought in the alternative to recover damages for breach of the contract to convey, and prayed for and obtained a writ of attachment under which the land in controversy was seized.

The first regular term of court after the filing of this suit convened on June 6, but no action was taken in the case at that term. The next regular term convened on September 6, and on September 13, when the case was regularly called for trial, H. L. Faulk, a practicing attorney and member of the bar at that court, appeared as amicus curiæ, and moved the court to quash the writ of sequestration and dismiss the suit upon the grounds that the writ was improperly issued, and that specific performance of a contract to convey land could not be enforced against a nonresident defendant who had not been personally served and had made no appearance. The trial court entertained and sustained the motion of amicus curiæ and dismissed the suit. From the order entered thereon Flinn, the plaintiff below, has appealed. Appellee has never affirmatively appeared in this proceeding, but Mr. Faulk, still acting in the role of amicus curiæ, has tendered briefs in this court in reply to appellant's brief; appellee not having been otherwise represented in this court or the court below. Appellant objects to Mr. Faulk's activities in the case in the guise of a friend of the court, but insists that by those activities he has assumed the role of attorney for appellee, whose appearance in both courts will be presumed from Mr. Faulk's conduct.

[2-7] A member of the bar of a court may assume the role of amicus curiæ, and as such may properly offer to advise a court upon questions of law or practice arising in a proceeding, but it is within the discretion of the judge as to whether he will hear the advice, or heed it. The role is a delicate one, and should be assumed only to point out some reason apparent of record why the court should, or should not, act in a given matter. It is beyond his office to invoke the action of the court upon exceptions, or upon issues of fact, at least unless such exceptions or issues are confined to jurisdictional matters, or to enter into a discussion or invoke a ruling upon matters in which the court may not act upon his own initiative. Andrews v. Beck, 23 Tex. 455. He may, however, question the sufficiency of service of process to authorize a judgment, and he may point out facts which would deprive the court of jurisdiction. Jones v. City of Jefferson, 66 Tex. 576, 1 S. W. 903; State v. Jefferson, etc., 60 Tex. 312. It is within his province to move for a dismissal of a cause for lack of jurisdiction, as was done here. Andrews v. Beck, 23 Tex. 455. In this case Mr. Faulk appeared as amicus curiæ only after having obtained leave of the court for that purpose. If he exceeded his prerogative and obtained rulings not warranted in such cases, those rulings will be reviewed and set aside on appeal. But the court's action in hearing Mr. Faulk in the role of amicus curiæ will not, of itself, cause a reversal of the judgment appealed from. For the appeal, after all, must be determined from the court's rulings on the material matters decided by it, without reference to the propriety of the amicus curiæ to invoke such rulings.

[8] There is no merit in appellant's contention that the activities of Mr. Faulk as amicus curiæ constituted an appearance in behalf of the defendant. In the absence of any showing by evidence or presumption that he was acting at the instance of the defendant, his pleas and motions were not binding upon the defendant and cannot be treated as an appearance by the latter. Hurd v. Inglehart (Tex. Civ. App.) 140 S. W. 119, and authorities there cited.

It appears from the record, as has been shown, that appellee, as defendant below, was not properly cited upon the original petition. No effort was made to have him cited upon the pleadings subsequently filed by the plaintiff, nor was any notice given him of the sequestration or attachment proceedings, nor has he ever entered any appearance in the case, since the activities of Mr. Faulk as amicus curiæ may not be held to constitute such appearance.

[9] So long as he was not properly served with process issued upon the original petition, the defendant was not required to and did not appear or file any answer to that pleading, and the court had not the power to

render judgment for plaintiff thereon. So is it true that, in the absence of such service and appearance, the defendant was not required to take notice of any other pleading thereafter filed by plaintiff, nor could judgment be properly rendered against him upon such pleadings. The trial court therefore had no warrant to render judgment for any purpose in favor of the plaintiff below. Stewart v. Anderson, 70 Tex. 588, 8 S. W. 295.

[10] These conclusions bring us to the controlling question, Did the court err in dismissing the whole proceeding upon his own motion, since appellee made no motion therefor and did not otherwise appear, and since the court could take no action at the instance of amicus curiæ that he could not have taken upon his own motion? We are of the opinion that the court did not err in this action.

The plaintiff's action against the nonresident defendant was, first, to enforce specific performance of a contract made by that defendant to convey land to the plaintiff; and, second, in the alternative, for judgment against that defendant for damages occasioned to plaintiff for breach of that contract. The action was, also, to enforce the attachment lien which the plaintiff below had sought to impress upon the land. It is contended by Mr. Faulk, as amicus curiæ, and denied by appellant, that there was no service upon or appearance by the defendant below; that the writs, both of sequestration and attachment, were wrongfully issued; and that when these matters were called to the attention of the court, the latter properly dismissed the whole proceeding. We have held that, under the facts apparent of record, no legal service of process was had in the case upon the defendant, that he had made no appearance in the case, and that, therefore, no judgment could properly be rendered against him for any purpose.

Appellant appears to have taken the position in the trial court, and urges it in this court, that he was entitled to judgment against appellee requiring the latter to specifically enforce his contract to convey the land in controversy, or for damages for the breach of that contract, and for the foreclosure of the attachment lien upon the land to pay such damages. Appellant made no effort to procure service of alias process upon the defendant in lieu of the defective service upon him, and to thereby confer jurisdiction upon that court to hear and determine the cause. It is to be inferred, on the contrary, that when the case was called appellant assumed the attitude he takes here, that it was the duty of the court to proceed to render judgment in the case upon his amended petition and in the attachment proceeding, without further notice to the defendant. At this juncture Mr. Faulk, as amicus curiæ, obtained leave of the court and filed and presented his suggestion that, because no proper service had been had upon defendant, the suit should be abated and dismissed.

Being called upon to proceed to dispose of the case in the condition it was then in, the court entered an order dismissing the cause, which is the only order he could properly enter in the absence of jurisdiction.

It does not matter whether the writs of sequestration and attachment were irregular or void, since in the absence of service upon or notice to the defendant, be he nonresident or otherwise, the court had no jurisdiction to render final judgment upon the merits, and the plaintiff does not appear to have asked for further time or process to enable him to bring the cause within the jurisdiction of the court.

The judgment is affirmed.