### THOMAS v. DRIVER.
### No. 2280.

·Court of Civil Appeals of Texas. Beaumont.
Nov. 25, 1932.

Rehearing Denied Dec. 21, 1932.

Gibson & Blackshear, of Laredo, for plaintiff in error.

Hodges & Greve, of Nacogdoches, for defendant in error.

**WALKER, C. J.**

In this case in the court below defendant in error, R. I. Driver, recovered a personal judgment against plaintiff in error, Woodlief Thomas, for the sum of $14,714.34, with foreclosure of chattel mortgage lien against certain personal property described in the judgment. The appeal complains only of the judgment of the lower court overruling the plea of privilege of plaintiff in error to be sued in Webb county, his alleged residence.

The following propositions of error are urged by plaintiff in error.

First: In due time plaintiff in error filed his plea of privilege in the district court, which was in due form. He insists that defendant in error filed no controverting affidavit. The transcript, as brought up by plaintiff in error, contains no controverting affidavit, but on motion of defendant in error we granted him permission to file a supplemental transcript which contains a controverting affidavit showing the order of the presiding district judge duly signed by him setting the hearing on the plea of privilege at 9 o'clock a. m. on the 2d day of October, 1931, and directing that notice be served on plaintiff in error. On this issue the judgment contains the following recitation of facts: "This the 5th day of October, 1931, this cause came on to be heard first upon Woodlief Thomas' plea of privilege, which had been set for hearing October 2nd 1931, but was postponed to this date, service of the controverting affidavit having been had in the manner required by law, plaintiff announced ready and defendant by Gordon Gibson, a member of the firm of Gibson & Blackshear, Attorneys, appeared as Amicus Curiæ for the defendant Woodlief Thomas, the pleadings were presented and evidence thereupon heard and the Court found that the note sued upon was payable at Nacogdoches, Texas, and that the attorney Gordon Gibson represented the defendant Woodlief Thomas."

The record affirmatively denies this proposition.

In this connection plaintiff in error has filed a motion to strike the supplemental transcript. The motion to perfect the transcript was filed and presented to us on the day this case was submitted in this court and by affidavit proof was made showing good cause for the delay in filing the motion. In so far as the motion to strike controverts the fact issues made by the motion to file, we expressly find the issues in favor of the motion to file.

Second: It is contended that plaintiff in error was not served with notice of the controverting affidavit. The record contains no copy of notice served on him, and as he made no personal appearance and filed no answer to the merits, and as this is a direct

attack upon the judgment of the lower court by way of appeal, plaintiff in error contends that the failure of the record to contain a copy of the service is fatal to the judgment. The proposition of law relied upon by plaintiff in error does not control the case. There is no statement of facts in the record. The following pleading was filed in the lower court by Gordon Gibson, who purported to appear as amicus curiæ:

"R. I. Driver vs. Woodlief Thomas, et al. #7229

"In the District Court, Nacogdoches County, Texas.

"To the Honorable the Said Court:

"Gordon Gibson, a practicing attorney of the Laredo, Texas, bar, respectfully requests leave of this Court to appear herein as amicus curiæ for the purpose of calling the attention of the Court to the fact that this Court is without jurisdiction to hear and determine the questions purported to be raised by plaintiff's affidavit in this cause controverting the plea of privilege of the defendant Woodlief Thomas, because there has been no legal service of the controverting affidavit upon said defendant or any other person on whom such service might be made according to law and said defendant Woodlief Thomas is without legal notice of the time and place of the hearing of such issues.

"Gordon Gibson, Attorney at Law,
Laredo, Texas."

When this pleading was filed the trial court, by the recitations of the judgment, duly heard the issues raised by the pleading and determined, first, that Mr. Gibson did not appear as amicus curiæ but as attorney for plaintiff in error. On this finding plaintiff in error was in court as if he had appeared in person. Second, plaintiff in error being before the court for hearing on the issues made by the plea filed by Mr. Gibson, the trial court found, as shown by the excerpt from the judgment quoted above, that service of the controverting affidavit had been had in the manner required by law. In the absence of a statement of facts, plaintiff in error is bound by the trial court's conclusion that he appeared in the lower court by his attorney, Gordon Gibson, and that he was duly served with notice of the controverting affidavit.

█ In his original petition defendant in error also made Atha Thomas of La Salle county a party defendant. Since Mr. Thomas is in no way a party to this appeal, we have no power to consider plaintiff in error's proposition complaining of the ruling of the lower court as it related to Mr. Thomas.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.

## On Rehearing.

█ As against our conclusions stated in the original opinion, plaintiff in error insists that Mr. Gordon Gibson appeared as amicus curiæ and not as his counsel. The facts recited on the face of the record support our conclusions on this issue. While Mr. Gibson filed a plea in this case, in which he requested leave of the court to appear as amicus curiæ, it is recited in the judgment that he appeared as "amicus curiæ for the defendant, Woodlief Thomas." No such office is recognized in our jurisprudence as amicus curiæ for a party litigant. If Mr. Gibson desired to appear in this case for any purpose, he should have made his request of the court, and, if not granted, stayed out of the case. The court was not required by law to permit him to appear as amicus curiæ. Having appeared without an order of the court fixing his status, it was clearly the province of the court to require of him an explanation of his presence. Upon inquiry, the court found that Mr. Gibson was not an amicus curiæ, "a friend of the court," "a by-stander," but that he represented plaintiff in error in his appearance. As we have no statement of facts before us, we do not know all the circumstances in evidence relied upon by the court to support this conclusion. But the fact recited by Mr. Gibson in his plea, that he was "a practicing attorney of the Laredo, Texas, Bar," within itself would support the trial court's judgment. When an attorney leaves his home and travels across the state of Texas from the city of Laredo, on the west, to the city of Nacogdoches, on the east, for the purpose of appearing in a particular piece of litigation, the trial court is justified in believing that he had made this journey not as "a friend of the court," but as diligent counsel for his client. Of course, if the court had granted Mr. Gibson permission to appear as amicus curiæ, we would have an entirely different question before us and this case might fall within the rule announced by Chicago, R. I. & P. Railway Co. v. Neil P. Anderson & Co., 105 Tex. 1, 141 S. W. 513, Ann. Cas. 1915A, 198; International & G. N. Railway Co. v. Moore (Tex. Civ. App.) 32 S. W. 379; Elliott v. Standard Steel Wheel & Tire Armor Co. (Tex. Civ. App.) 173 S. W. 616. But, as Mr. Gibson voluntarily appeared in this case, without an order of the court fixing his status, his client must bear the consequences of his relation, in fact, to this litigation, and the trial court having fixed this relation as attorney for plaintiff in error, plaintiff in error is bound by the judgment.

The facts recited upon the face of the record herein bring this proposition of amicus curiæ within the rule announced by this court in Olcott v. Reese, 291 S. W. 261; Walker County Lumber Co. v. Edmonds, 298 S. W. 610; by the Fort Worth Court of Civil Appeals in Fort Worth & D. C. Ry. Co. v. Great-

house, 41 S.W.(2d) 418, and by the San Antonio Court of Civil Appeals in Flinn v. Krotz, 293 S. W. 625, 626. The last case clearly holds that an attorney, though purporting to appear as amicus curiæ, may bind his client by his appearance where the appearance is not made by permission of the court. The court said:

"There is no merit in appellant's contention that the activities of Mr. Faulk as amicus curiæ constituted an appearance in behalf of the defendant. In the absence of any showing by evidence or presumption that he was acting at the instance of the defendant, his pleas and motions were not binding upon the defendant and cannot be treated as an appearance by the latter. Hurd v. Inglehart (Tex. Civ. App.) 140 S. W. 119, and authorities there cited."

All other matters complained of by plaintiff in error in his motion for rehearing have had our most careful consideration and are overruled without further discussion.

For the reasons stated the motion on rehearing is overruled.

LAWHON, J. (dissenting).

When the original opinion was filed in this case, I had some doubt as to the correctness of the holding that the attorney, Gordon Gibson, was acting as the attorney for plaintiff in error and not as amicus curiæ, and that the action of the attorney constituted a waiver of service of the controverting answer to the plea of privilege. I have examined the record more fully and am convinced that we were in error in so holding. The only appearance in the record by Gordon Gibson is a suggestion, as amicus curiæ, that there had been no service of the controverting affidavit. The trial court erroneously referred to this instrument as an appearance as amicus curiæ for the defendant, Woodlief Thomas. The instrument does not permit of the construction placed upon it by the trial court, and there can be no presumption that there was any other instrument filed. The certificate of the clerk states that the transcript contains "a true and correct transcript of all the proceedings had in cause styled R. I. Driver v. Woodlief Thomas, et al, No. 7229." It is true, as stated in the opinion of Chief Justice WALKER on motion for rehearing, that it was necessary for the trial court to authorize the appearance of an amicus curiæ, and that the judgment of the court shows that no such authority was given. The suggestion of amicus curiæ, as shown in the transcript and as copied in the opinion of the court, contains a request that the attorney be allowed to appear as amicus curiæ. Inasmuch as the instrument was filed and appears as a part of the proceedings in the cause, we must presume that the court admitted the appearance as amicus curiæ, otherwise, the suggestion could not have been filed.

The trial court, in its judgment, found that service of the controverting affidavit had been had in the manner provided by law. The record shows that this statement is not true. There is no evidence of any legal service on the plaintiff in error. The only appearance, therefore, was such action on the part of the attorney, Gordon Gibson, as would amount to a waiver of service. Waiver of service is quite different from service according to law. The only duty an amicus curiæ can perform is to call the court's attention to some matter, without the knowledge of which the court might be led into error. The amicus curiæ can only call the court's attention to such matters as the court could act upon without such suggestion. Moseby v. Burrow, 52 Tex. 396; State of Texas v. Jefferson Iron Co., 60 Tex. 312; Hurd v. Inglehart (Tex. Civ. App.) 140 S. W. 119. He is not permitted to take charge of and conduct the litigation, and the record in this case does not show that the attorney in the court below did more than to make the suggestion of want of service.

In International & G. N. R. Co. v. Moore (Tex. Civ. App.) 32 S. W. 379, on page 380, the court said: "The appearance of John A. Green, Jr., as amicus curiæ, although he may have been defendant's regular attorney, did not bind defendant as an appearance; and it appears that the court did not consider his act as such an appearance, and appellee does not seem to claim that such was its effect. Birmingham Loan & Auction Co. v. First Nat. Bank, 100 Ala. 249, 13 So. 945 [46 Am. St. Rep. 45]."

In Elliott v. Standard Steel Wheel & Tire Armor Co. (Tex. Civ. App.) 173 S. W. 616, 617, it is said: "The third assignment is overruled. It is not believed that the appearance of the regular attorney as amicus curiæ to object to sufficiency of service * * * was in this case an appearance of the company."

The court cites International & G. N. R. Co. v. Moore, supra, and Olsen v. Insurance Co., 11 Tex. Civ. App. 371, 32 S. W. 446. The court must have known, in these cases, that the attorneys appearing as amicus curiæ were, in fact, attorneys for the defendants, as this fact is found in both opinions. Notwithstanding this, the court holds that an attorney for a party who makes suggestion as amicus curiæ does not thereby waive service on the defendant. The Supreme Court, in Chicago, R. I. & P. R. Co. v. Neil P. Anderson & Co., 105 Tex. 1, 141 S. W. 513, Ann. Cas. 1915A, 198, recognized the right of an attorney for the defendant to appear as an amicus curiæ. There it was known by the trial court that the amicus curiæ was the attorney for the defendant, and, on appeal, he appears as one of the attorneys of record for defendant in the court below.

In Olcott v. Reese (Tex. Civ. App.) 291 S. W. 261, and Walker County Lumber Co. v. Edmonds (Tex. Civ. App.) 298 S. W. 610, both

opinions having been written by Judge Walker, now Chief Justice of this court, the court held that the defendants had entered their appearance prior to the suggestions by amicus curiæ. In Flinn v. Krotz, 293 S. W. 625, by the San Antonio Court of Civil Appeals, the opinion by Judge Smith, the court held that the activities of the amicus curiæ did not constitute an appearance and waiver of service. There are expressions in all of these cases to the effect that an attorney cannot, under the guise of an amicus curiæ, avoid the consequences of his appearance on that ground. These expressions were not necessary to a decision in any of the cases. The law provides a method of service and the courts should require such method to be pursued unless it has been clearly waived. I do not believe that an attorney who merely suggests to the court that there is no service on his client thereby waives such service. This is especially true where he makes the suggestion as amicus curiæ.

The record does not support, in my opinion, the finding that the defendant was served with notice of the controverting affidavit, or that the attorney appeared in any other capacity than as amicus curiæ.