ANDERSON et al. v. SERVICE LIFE INS
CO. OF OMAHA, NEB.

No. 6449.

Court of Civil Appeals of Texas. Texarkana,
May 26, 1949.

Mat Davis, Gilmer, for appellants.

Florence & Florence, Gilmer, for appellee.

WILLIAMS, Justice.

Appellant Evie Lena Anderson, in this suit against the Service Life Insurance Company of Omaha, Nebraska, for alleged sick benefits based on a policy issued by it, proceeded to obtain service by having citation with certified copy of her petition delivered to the Chairman of the Board of Insurance Commissioners of the State of Texas. Florence and Florence, as amicus curiæ filed a motion and attached thereto an affidavit by G. L. Florence in which they represented that the court was without jurisdiction over the person of the defendant, and the cause should be dismissed.

On the sole issue of jurisdiction a hearing was had upon a written statement of facts agreed to by the attorney for plaintiff and Florence and Florence, as amicus curiæ. The trial court concluded, and the agreed statement of facts fully supports such conclusion, that the court was without jurisdiction over the person of the defendant. Under the facts agreed to, the defendant is a foreign insurance corporation; never had an agent in Texas; and had never filed a power of attorney with the Chairman of the Board of Insurance Commissioners under the provisions of Art. 4763, R.C.S. of Texas. The insurance contract here involved and any other held by any resident of Texas rested upon an application mailed out of Texas to defendant in Omaha, Nebraska, and the policy so issued being mailed out of Omaha, Nebraska, and dispatched by mail to the addressee in Texas. Jurisdiction over the person of defendant did not attach by reason of the attempted service of above mentioned process under Article 4763, R. C.S.

The amicus curiæ motion, entertained by the court, raised the issue of jurisdiction but was not an appearance

of defendant although filed by Florence and Florence, who later appeared as attorneys for defendant. International & G. N. R. Co. v. Moore, Tex.Civ.App., 32 S.W. 379, 380; Elliott v. Standard Steel Wheel Co. & Tire Armor Co., Tex.Civ.App., 173 S.W. 616; Olsen v. California Ins. Co., 11 Tex.Civ.App. 371, 32 S.W. 446.

While above motion was on file and before it was acted upon, defendant filed an answer which reads:

"Now comes The Service Life Insurance Company, defendant in the above entitled and numbered cause, without waiving the amicus curiæ pleading filed in said cause on October 27, 1947, by Florence & Florence, but still insisting thereon, and subject thereto, and denies generally each and every material allegation in plaintiff's original petition contained and demands strict proof of same.

Premises considered, defendant prays that plaintiff take nothing against it by reason of her said suit and that it be discharged with its costs.

"Florence & Florence,
"Gilmer, Texas.
"By: G. L. Florence,
"Attorneys for Defendant."

Appellant asserts that by filing this answer the defendant "automatically subjected itself to the jurisdiction of this court." This is sustained. York v. State, 73 Tex. 651, 11 S.W. 869; Banco Minero v. Ross, 106 Tex. 522, 172 S.W. 711; 4 Tex.Jur., Appearance, Secs. 3, 11 and 27; 6 C.J.S., Appearances, § 22. As stated in York v. State, supra, 11 S.W. at page 870: "His appearance was optional, and jurisdiction could not have been obtained over his person so long as he remained beyond the limits of this state, unless by his voluntary act." Here the defendant voluntarily appeared; insisted on the motion; and answered the suit on its merits.

The judgment of the trial court is reversed with instructions to reinstate the cause on the trial docket of that court.